```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANTHONY FALSO,

                    Plaintiff,                    05-CV-6548

          v.                                      DECISION
                                                  and ORDER
SPG DIRECT and DIRECTOR of H.R. at SPG
DIRECT,

                    Defendants.
_____
```

## INTRODUCTION

Anthony Falso, ("plaintiff"), proceeding *pro se* brings this action alleging that SPG Direct and its Human Resources Director ("defendants"), improperly discriminated against him during his employment in violation of both Title VII of the Civil Rights Act of 1964 ("Title VII") and the American with Disabilities Act ("ADA"). Plaintiff moves to amend his Complaint and for re-assignment of his case to a different Magistrate Judge. Defendants oppose both motions.

## BACKGROUND

During May of 2002, plaintiff was employed by SPG Direct through Premier Staffing for one week. Plaintiff alleges that he explained to his sight manager at SPG Direct that he had a learning disability that required certain special accommodations. Plaintiff claims he was then terminated because of a "lack of

available work." In the fall of 2003, plaintiff became employed by SPG Direct again this time through Ablest Staffing. However, in this instance plaintiff only worked one day. Plaintiff claims that his recruiter from Ablest Staffing told him that he could no longer continue his assignment at SPG Direct because of his previous work experience with them in May of 2002.

On June 1, 2004, plaintiff filed a complaint with the New York State Division of Human Rights Commission and the Equal Employment Opportunity Commission ("EEOC")against SPG Direct. On October 12, 2005, plaintiff received his right to sue letter from the EEOC. On October 18, 2005, plaintiff brought this action in federal court alleging employment discrimination pursuant to Title VII of the Civil Rights Act of 1964 and the American with Disabilities Act of 1990. Thereafter, on October 26, 2005, Judge Elfvin granted plaintiff permission to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(a) and directed the United States Marshal to serve the defendants. The United States Marshal effectuated service upon the defendants. The answer was served on plaintiff by mail on December 6, 2005 and filed electronically with the Court on December 13, 2005. On December 14, 2005, this Court entered an Order referring this case to Magistrate Judge Payson. On December 15, 2005, plaintiff moved to amend his complaint. On December 16, 2005, plaintiff moved to re-assign

this case to Magistrate Judge Feldman. Defendants oppose both motions.

## **DISCUSSION**

I. <u>Motion to Amend the Complaint</u>

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend a "pleading once as a matter of course at any time before a responsive pleading is served," however, once the time for amending a pleading as of right has expired, a party must request leave of court to amend which "shall be freely given when justice so requires." Fed.R.Civ.P.15(a). In addition, it is well-settled that leave to amend pleadings "may be denied when there is a good reason to do so, such as futility, bad faith, or undue delay." <u>Kropelnicki v. Siegel</u>, 290 F.3d 118, 130 (2d Cir. 2002).

In this case, defendants served an answer on December 6, 2005 and plaintiff moved to amend his complaint on December 15, 2005. Since, a responsive pleading had been served, the plaintiff can only amend his complaint by "leave of court." Fed.R.Civ.P.15(a). Specifically, plaintiff seeks to amend his complaint by adding individual defendants to the suit. However, such an amendment would be futile because it is clearly established that neither Title VII nor the ADA provide for individual liability. <u>See</u> <u>Tomka v. Seiler Corp</u>., 66 F.3d 1295, 1313 (2d Cir. 1995)(holding that individuals are not subject to liability under Title VII); <u>see</u> <u>also</u> <u>Cerrato v. Durham</u>, 941 F.Supp. 388, 394-395

(S.D.N.Y. 1996) (granting motion to dismiss both Title VII and ADA claims against individual defendants). Therefore, since plaintiff's proposed amendments are futile, his motion to amend the complaint is denied.

II. <u>Motion to Re-Assign Case to Another Magistrate Judge</u>

In his motion to re-assign his case to another Magistrate Judge, plaintiff has failed to provide any facts or legal authority which would support his request. Furthermore, litigants are not entitled to select a specific judge to hear and determine their case. The Local Rules of Civil Procedure provide that in the Western District of New York the "Clerk shall assign each civil action to a District Judge and a Magistrate Judge" and the assignments within geographic areas "shall ordinarily be by random selection."  Local R.Civ.P.5.1(a); 5.1(b). Thus, plaintiff's motion to re-assign his case to another Magistrate Judge is denied.

## **CONCLUSION**

For the reasons set forth above, I deny both plaintiff's motion to amend his complaint and his motion to re-assign his case to another Magistrate Judge.

ALL OF THE ABOVE IS SO ORDERED.

<u>S/Michael A. Telesca</u>
MICHAEL A. TELESCA
United States District Judge

Dated: Rochester, New York
March 9, 2006