UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANTHONY FALSO,

                              Plaintiff,

                                                                                            DECISION AND ORDER

                                                                                             05-CV-6548L

          v.

SPG DIRECT,
DIRECTOR OF H.R. at SPG DIRECT,

                              Defendants.
_____

## Introduction

Plaintiff Anthony Falso ("Falso"), proceeding *pro se*, brings this action alleging that defendants SPG Direct and its Director of Human Resources (collectively "SPG"), discriminated against him with respect to his employment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 et seq.[1]

Falso alleges that, while employed by temporary agencies and assigned to work at SPG during a one-week assignment in 2002 and later for a short time in 2003, SPG harassed and

---

[1] Falso has filed numerous other complaints under the same statutes that are quite similar to this action. *Falso v. Ablest Staffing Services, et al.,* 05-CV-6547L; *Falso v. Salzman Group, Inc.,* 06-CV-6412L; and *Falso v. Churchville Chili Central School,* 07-CV-6293L. Each of these cases has been dismissed by the Court.

discriminated against him by subjecting him to "demeaning" conduct, and by prematurely terminating the 2003 assignment. SPG contends that it was never Falso's employer, and that in any event, it chose to discontinue the 2003 assignment solely on the basis of Falso's poor performance during his prior assignment in 2002.

On or about June 1, 2004, Falso filed a discrimination complaint against SPG with the New York State Division of Human Rights ("NYSDHR"), alleging that he had been discriminated against on the basis of a learning disability, and Obsessive Compulsive Disorder ("OCD"). After investigating Falso's claims, on June 27, 2005, the NYSDHR issued a "no cause" finding and dismissed Falso's complaint, noting that there was no evidence to substantiate any of his allegations. Those findings were adopted by the Equal Employment Opportunity Commission ("EEOC") on October 12, 2005.

Six days later, Falso initiated the instant action, alleging claims of discriminatory termination and harassment against SPG. Discovery is complete, and SPG moves for summary judgment dismissing the complaint pursuant to Fed. R. Civ. Proc. 56. For the reasons set forth below, SPG's motion to dismiss (Dkt. #23) is granted, and the complaint is dismissed.

**DISCUSSION**

**I.      Summary Judgment in Discrimination Cases**

Summary judgment is appropriate where the record demonstrates that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

247 (1986).  Although courts should be cautious about granting summary judgment in cases where motive, intent or state of mind are at issue, a common component of discrimination actions, *see Dister v. Cont'l Group, Inc.*, 859 F.2d 1108, 1114 (2d Cir.1988); *Montana v. First Federal Savings and Loan Ass'n of Rochester*, 869 F.2d 100, 103 (2d Cir.1989), "the salutary purposes of summary judgment – avoiding protracted, expensive and harassing trials – apply no less to discrimination cases than to... other areas of litigation."  *Meiri v. Dacon*, 759 F.2d 989, 998 (2d Cir.1985).  *See also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 148 (2000), *quoting St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 524 (1993).

Falso's claims of employment discrimination are subject to the burden-shifting analysis first articulated in *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792 (1973).  First, Falso must establish a *prima facie* case of discrimination by demonstrating: (1) membership in a protected class; (2) satisfactory job performance, with or without reasonable accommodations in the case of an ADA-qualifying disability; and (3) an adverse employment action, occurring under (4) circumstances giving rise to an inference of discrimination.  *See Collins v. New York City Transit Authority*, 305 F.3d 113, 118 (2d Cir. 2002); *Ryan v. Grae & Rybicki, P.C.*, 135 F.3d 867, 870 (2d Cir. 1998).  Once Falso has established a *prima facie* case, the burden shifts to SPG to articulate a legitimate, nondiscriminatory reason for the adverse employment action.  *See James v. New York Racing Ass'n*, 233 F.3d 149, 154 (2d Cir. 2000).   The burden then returns to Falso, to supply evidence that the legitimate, nondiscriminatory reason offered by the defendant is a pretext.  *See St. Mary's Honor Center*, 509 U.S. 502 at 508.

Where, as here, the party opposing summary judgment is proceeding *pro se*, the Court must "read the pleadings ... liberally and interpret them to raise the strongest arguments that they suggest." *Corcoran v. New York Power Auth.*, 202 F.3d 530, 536 (2d Cir.1999). Nevertheless, "proceeding *pro se* does not otherwise relieve [the opposing party] from the usual requirements of summary judgment." *Fitzpatrick v. N.Y. Cornell Hosp.*, 2002 U.S. Dist. LEXIS 25166 at *5 (S.D.N.Y. 2003).

While granting Falso the liberal interpretation and favorable inferences due to him as a *pro se* plaintiff and as a nonmovant, I find that Falso has failed to exhaust his administrative remedies with respect to his Title VII claim, and cannot make out a *prima facie* case of discrimination, and/or rebut SPG's legitimate, nondiscriminatory reason for declining to allow his reassignment to SPG for a second time, and thus, those claims must be dismissed.

**II.     SPG's Status as Falso's Employer**

Initially, SPG argues that Falso was employed by temporary agencies, and not SPG directly, and is therefore not Falso's "employer" for purposes of Title VII or the ADA. However, the fact that SPG did not directly hire Falso, and that it is not so cooperative with either temporary agency for them to comprise a "joint employer" in the strict sense, does not necessarily compel a conclusion that Falso "could not have been an employee of both concerns simultaneously," so long as SPG exercised the requisite "right to control the 'means and manner' of [Falso's] performance." *Amarnare v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 611 F. Supp. 344, 347 n. 11, 348 (S.D.N.Y. 1984). Because the parties have offered no evidence with

respect to SPG's control over Falso's performance, I find that material questions of fact preclude summary judgment on the grounds of SPG's "employer" status.

**III.    Falso's Title VII Claim**

Although Falso does not identify himself as a member of a protected group, he alleges that SPG subjected him to unlawful discrimination in violation of Title VII.  Falso's administrative charge makes no reference whatsoever to discrimination on the basis of race, color, religion, sex or national origin.  It does not appear that the NYSDHR or EEOC ever investigated such claims, and I find that Falso's unspecified claim of discrimination under Title VII bears no "reasonable relationship" to the allegations contained in his NYSDHR complaint.  Accordingly, Falso has failed to exhaust his administrative remedies with respect to his Title VII claim, and it must be dismissed.  *See Hawkins v. Wegmans Food Market*, 2007 U.S. App. LEXIS 12014 at *3 (2d Cir. 2007) (unexhausted race and age discrimination claims are not "reasonably related" to gender and disability discrimination claims recited in plaintiff's EEOC filing, and therefore must be dismissed), *citing Williams v. New York City Housing Auth.*, 458 F.3d 67, 70 (2d Cir. 2006).

**IV.    Falso's Discrimination Claims Pursuant to the ADA**

Title I of the ADA prohibits employers from discriminating again any "qualified individual with a disability because of the disability of such individual in regard to" any aspect of employment.  42 U.S.C. §12112(a).  A plaintiff asserting a violation of the ADA must show that: (1) his employer is subject to the ADA; (2) he was disabled within the meaning of the ADA; (3) he was otherwise qualified to perform the essential functions of his job, with or without

reasonable accommodation; and (4) he suffered adverse employment action because of his disability.  *See Giordano v. City of New York*, 274 F.3d 740, 747 (2d Cir. 2001).For purposes of the ADA, a disabled individual is one who: "(i)  has a physical or mental impairment which substantially limits one or more of such person's major life activities, (ii) has a record of such an impairment, or (iii) is regarded as having such an impairment." 42 U.S.C. §12102(2).  An impairment cannot be demonstrated merely through evidence of a medical diagnoses; rather, the ADA "requires those claiming the Act's protection . . . to prove a disability by offering evidence that the extent of the limitation [caused by their impairment] in terms of their own experience . . . is substantial." *Toyota Motor Mfg., Kentucky, Inc. v. Williams*, 534 U.S. 184, 198 (2002).

While generally alleging that he has an unspecified "learning disability" and OCD, Falso does not allege that his impairments substantially limit one or more major life activities, supply records demonstrating such an impairment, or adduce any evidence whatsoever that SPG regarded him as having such an impairment.  To the contrary, while Falso submits copies of various medical records diagnosing him with learning, social, and mild physical disabilities, including an expressive language disorder which makes it more difficult for Falso to present material in oral form, social awkwardness, depression, some repetitive obsessive compulsive behaviors, and difficulty with fine motor coordination, Falso does not allege, nor the records catalogue, any substantial limitations concerning a major life activity.  Moreover, Falso admits that SPG was not provided with any records concerning his impairment, and that other than some vague requests for "more help" during training, he never informed SPG of his diagnosis or

requested specific accommodations for his alleged disability. On these bases, Falso's claim must be dismissed.

Moreover, even if Falso had established a *prima facie* case of discrimination based on his alleged disability, Falso cannot rebut SPG's legitimate, non-discriminatory reason for refusing to permit him to complete his 2003 assignment: his poor performance during an earlier assignment in 2002. Falso does not deny that his performance in 2002 was deficient, and offers no evidence to suggest that SPG's desire not to accept him for another assignment in 2003 was in some way related to his alleged disability, rather than poor performance.

I have also considered Falso's claims that he was harassed and subjected to "demeaning" conduct at SPG, and that SPG attempted to interfere with a subsequent temporary assignment with a different employer. Falso offers no evidence whatsoever to clarify or support these claims, and accordingly they must be dismissed. *See Tutko v. James River Paper Co., Inc.*, 1999 U.S. App. LEXIS 28344 at *4-*5 (2d Cir. 1999) ("[s]ummary judgment against a plaintiff in an employment discrimination case is appropriate if the plaintiff offers only unsupported assertions, conjecture or surmise, or conclusory statements to support an essential element of his case") (internal quotations omitted).

## **CONCLUSION**

For the foregoing reasons, I find that Falso has failed to exhaust his administrative remedies with respect to his Title VII claim, establish a *prima facie* case of ADA-based discrimination or harassment, and/or rebut SPG's legitimate, nondiscriminatory reasons for

declining to have him reassigned to SPG following his initial assignment. Accordingly, SPG's motion to dismiss Falso's claims (Dkt. #23) is granted, and the complaint is dismissed, with prejudice.

    IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
      April 30, 2008.